George Teagarden Livestock Commissioner Kansas Animal Health Department 708 S.W. Jackson Topeka, Kansas 66603
Dear Mr. Teagarden:
You request our opinion regarding the scope of the Kansas Pet Animal Act,[1] which regulates animal shelters and pounds. Specifically, you inquire whether an animal shelter employee or volunteer is required to be licensed if, to accommodate the shelter, the employee or volunteer temporarily harbors the animal in the employee's or volunteer's home.
The purpose of the Kansas Pet Animal Act is to "license . . . andregulate the conditions of certain premises and facilities within thestate . . . where animals are maintained, sold or offered or maintained for sale."[2] A person who violates any provision of the Kansas Pet Animal Act is subject to criminal prosecution and/or a civil fine.[3]
K.S.A. 1999 Supp. 47-1704 provides, as follows:
 "It shall be unlawful for any person to operate a pound or animal shelter . . . unless a license for such pound or shelter has been obtained from the commissioner."
"Animal shelter" and "pound" are defined, in part, as follows:
 "(g) 'Animal shelter' or `pound' means a facility which is used or designed for use to house, contain, impound or harbor any seized stray, homeless, relinquished or abandoned animal or a person who acts as an animal rescuer, or who collects and cares for unwanted animals or offers them for adoption."[4]
Prior to 1996, the definition of "animal shelter" and "pound" contained a requirement that the facility be operated by a humane society or some other nonprofit animal welfare organization.[5] The 1996 Legislature broadened the definition considerably by eliminating this requirement and including in the definition any person who "acts as an animal rescuer" or "collects and cares for unwanted animals." Clearly, an animal shelter employee or a shelter volunteer who, as an accommodation to the shelter, harbors animals — albeit, temporarily — in the person's home is operating a facility for homeless animals and, therefore, should be licensed in order not to run afoul of the Kansas Pet Animal Act.
You also inquire whether the Livestock Commissioner can adopt rules and regulations in the following areas: (1) limiting the number of animals that may be harbored in the home of an animal shelter employee or shelter volunteer and; (2) limiting the length of time that an animal may be harbored in the home of an animal shelter employee or shelter volunteer.
K.S.A. 1999 Supp. 47-1712 authorizes the Livestock Commissioner to "adopt rules and regulations for licensees," including provisions relating to: "housing facilities." It is our opinion that this statute would authorize regulations that address the number of animals temporarily housed in the home of an animal shelter employee or shelter volunteer. Moreover, the statute would also allow the Livestock Commissioner to regulate the length of time that an animal could be housed in the home of an animal shelter employee or shelter volunteer.
You also inquire about the humane and rescue organizations in this state that accept relinquished animals or strays. You indicate that these organizations do not operate traditional animal shelter or pound facilities. Rather, these organizations place the animals in the homes of their members who care for the animals until the animals are adopted. If the animals are not adopted, they remain in the home of the member. You inquire whether the Commissioner can issue an animal shelter license to the organization or whether each member who harbors an animal must be licensed.
K.S.A. 1999 Supp. 47-1704 makes it unlawful for a person to "operate" an "animal shelter." "Animal shelter" includes a "facility" that contains abandoned animals. While the definition of "person" includes an "association, partnership, corporation, or other entity,"[6] it is themembers of the humane and rescue groups that operate a facility — not the humane or rescue group itself. Consequently, it is our opinion that the Commissioner can issue an animal shelter license only to the individual member who is harboring an animal in the member's home and not to the group itself.
Finally, you inquire whether the Commissioner has the discretion to exempt from licensure individuals who harbor only a limited number of animals.
The Kansas Animal Health Department (Health Department) is a statutorily created agency headed by the Livestock Commissioner.[7]
Administrative agencies such as the Health Department have no inherent or common law powers.[8] Being a creature of statute, it may exercise only those powers expressly conferred or necessarily implied by statute.[9]
K.S.A. 1999 Supp. 47-1704 clearly prohibits any person from operating an animal shelter without a license regardless of the number of animals housed. Moreover, the Kansas Pet Animal Act provides no authority for the Commissioner to exempt a person based upon the number of animals harbored.
Summarizing, it is our opinion that an animal shelter employee or shelter volunteer is required to be licensed if, to accommodate the shelter, the employee or volunteer temporarily harbors the animal in the employee's or volunteer's home. Additionally, K.S.A. 1999 Supp. 47-1712
authorizes the Livestock Commissioner to promulgate regulations that address the number of animals temporarily housed in the home of an animal shelter employee or shelter volunteer and the length of time that an animal may be housed in the home of an animal shelter employee or shelter volunteer.
Regarding the licensure of animal rescue organizations that place homeless animals in the homes of their members, the Commissioner cannot issue an animal shelter license to the organization unless the latter operates a facility. Rather, the Commissioner may issue an animal shelter license to the individual member who is harboring an animal in the member's home. Finally, the Kansas Pet Animal Act provides no authority for the Commissioner to exempt a person from licensure based upon the number of animals harbored.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:jm
[1] K.S.A. 1999 Supp. 47-1701 et seq.
[2] K.S.A. 1999 Supp. 47-1726 (emphasis added).
[3] K.S.A. 1999 Supp. 47-1707; 47-1715.
[4] K.S.A. 1999 Supp. 47-1701 (emphasis added).
[5] L. 1995, Ch. 244, §§ (5)(g) and (w).
[6] K.S.A. 1999 Supp. 47-1701(s).
[7] K.S.A. 75-1901.
[8] Pork Motel Corp. v. Kansas Dept. of Health and Environment,234 Kan. 374, 378 (1983).
[9] State, ex rel. Secretary of S.R.S. v. Fomby, 11 Kan. App. 2d 138,141 (1986).